SUMMONS ISSU

CV-1? 3348

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------
DANIEL GRANOVETTER on behalf of himself and
all others similarly situated

                       Plaintiff,

        -against-

NATIONWIDE CREDIT, INC.

                       Defendant.

---------------------------------------------------------



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 1 2 2011 ★

LONG ISLAND OFFICE

GARAUFIS, J.
CARTER, M.J.

### CLASS ACTION COMPLAINT

#### *Introduction*

1.    Daniel Grannoveter seeks redress for the illegal practices of Nationwide Credit, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

#### *Parties*

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt

4.    Upon information and belief, Nationwide Credit, Inc. is an Georgia corporation with its principal place of business located in Kennesaw, Georgia.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §

1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

### *Allegations Particular to Daniel Granovetter*

9. Upon information and belief, on a date better known by defendant, defendant began to attempt to collect an alleged consumer debt from the plaintiff.

10. On or about March 14, 2011 defendant's representative left two messages for the plaintiff.

11. One message left gave full disclosure of the purpose of the call that it was from a debt collector and mentioned the name Nationwide.

12. One message left was an attempt to confirm location information.

13. Defendant had the proper information for the plaintiff as it left a message for the plaintiff on the very same day.

14. Defendant knew or should have known that the defendant had the plaintiff's location information.

15. The defendant's location information message failed to set forth the name of the defendant or any information that the message was concerning the collection of a debt or that the message was from a debt collector.

16.     Upon information and belief, the said location information message was either
        pre-scripted or pre-recorded.

17.     The defendant has a policy of leaving location information messages for the
        debtor when the defendant has no basis to do so, and merely leaves the said
        messages to lure the consumer to call back without knowing the source of the
        message.

18.     The said telephone message is in violation of the Fair Debt Collection Practices
        Act, 15 U.S.C. §§ 1692d(6), 1692e(10) and 1692e(11) for placing telephone calls
        without meaningful disclosure of the caller's identity, for engaging in deceptive
        practices and for failing to set forth that the communication was from a debt
        collector.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself
and the members of a class, as against the defendant.*

19.     Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-18
        as if set forth fully in this cause of action.

20.     This cause of action is brought on behalf of plaintiff and the members of a class.

21.     The class consists of consumers who received a message from the defendant
        which did not set forth that the call was a communication from a debt collector.

22.     The Class consists of all persons whom Defendant's records reflect resided in the
        New York State and who received a telephone message (a) from one of
        defendant's two collection representatives who left messages for the plaintiff

3

failing to set forth that the message was from a debt collector similar to the message left for the plaintiff on March 14, 2011 (b) the message was left concerning the furtherance of seeking payment of an alleged debt; and (c) that the message contained violations of 15 U.S.C. §§ 1692d(6), 1692e(10) and 1692e(11).

23.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that telephone messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

24.     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are

generally unsophisticated individuals, whose rights will not be vindicated in the
absence of a class action. Prosecution of separate actions by individual members
of the classes would create the risk of inconsistent or varying adjudications
resulting in the establishment of inconsistent or varying standards for the parties
and would not be in the interest of judicial economy.

25.     If the facts are discovered to be appropriate, the plaintiff will seek to certify a
class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

26.     Collection letters, such as those sent by the defendant are to be evaluated by the
objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

27.     The defendant's actions as set forth above in the within complaint violates the
Fair Debt Collection Practices Act.

28.     Because the defendant violated of the Fair Debt Collection Practices Act, the
plaintiff and the members of the class are entitled to damages in accordance with
the Fair Debt Collection Practices Act.

29.     Upon information and belief, defendant has been fined in the past for its FDCPA
violations; consequently, the maximum damages should be imposed.  In addition,
plaintiff's counsel has filed a prior matter with substantially the same allegations.
Furthermore, plaintiff appends a third matter which was filed in the Southern
District of New York which contains the same allegations as Exhibit A.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and on
behalf of the members of the class, and against the defendant and award damages as follows:

(a)     Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

5

and actual damages for individual plaintiff for frequency of calls.

(b)     Attorney fees, litigation expenses and costs incurred in bringing

this action; and

(c)      Any other relief that this Court deems appropriate and just under

the circumstances.

Dated: Cedarhurst, New York
      July 11, 2011

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein  (AF-9508)

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



JULIA NASSER,

             Plaintiff,

      -against-

NATIONWIDE CREDIT, INC.,

             Defendant.

**VERIFIED COMPLAINT and DEMAND FOR JURY TRIAL**

**'11 CIV 00336**

**JUDGE MOTZ**

NOW COMES Plaintiff, Julia Nasser ("Plaintiff"), by and through her attorneys, Krohn & Moss, Ltd., for her Verified Complaint against Defendant, Nationwide Credit, Inc., ("Defendant"), alleges as follows:

<u>Nature of the Action</u>

1.     This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

<u>Parties</u>

2.     Plaintiff is a natural person residing in Walden, Orange County, New York.

3.     Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

4.     Defendant is a collection agency with a business office in Kennesaw, Georgia.

5.     Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

6.      Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

Jurisdiction and Venue

7.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8.      Because Defendant conducts business in the state of New York, personal jurisdiction is established.

9.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

Factual Allegations

10.      Defendant is attempting to collect a consumer debt from Plaintiff.

11.      Plaintiff's debt arises from transactions for personal, family, and household purposes.

12.      Within the last year, Defendant placed multiple collection calls to Plaintiff's cell phone.

13.      Within the last year, Defendant left multiple voicemail messages on Plaintiff's cell phone seeking location information for Plaintiff (*See Exhibit A hereto*).

14.      Within the last year, Defendant left voicemail messages on Plaintiff's cell phone attempting to collect a debt from Plaintiff (*See Exhibit A*).

15.      Within the last year, despite the fact that Defendant knew that the cell phone number Defendant called was Plaintiff's number, Defendant left voicemail messages for Plaintiff that failed to properly disclose the caller's identity (*See Exhibit A*).

16.   Within the last year, despite the fact that Defendant knew that the cell phone number Defendant called was Plaintiff's number, Defendant left voicemail messages for Plaintiff that failed to state the communication was from a debt collector *(See Exhibit A)*.

### CLAIM FOR RELIEF

17.   Defendant's violations of the FDCPA include, but are not limited to, the following:

      a.   Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff;

      a.   Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity;

      b.   Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

      a.   Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt;

      b.   Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

18.   Plaintiff is entitled to his attorney's fees and costs incurred in this action.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

      (1) Statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k;

      (2) Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

      (3) Awarding such other and further relief as may be just, proper and equitable.

Dated:        January 7, 2011                         KROHN & MOSS, LTD.

By: _____

Adam T. Hill
KROHN & MOSS, LTD.
120 W. Madison St., 10th Fl.
Chicago, Illinois 60602
Telephone:  312-578-9428
Telefax:  866-289-0898
ahill@consumerlawcenter.com
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Julia Nasser, hereby demands a jury trial in this matter.

## VERIFICATION

STATE OF NEW YORK)
COUNTY OF ORANGE)

Plaintiff, JULIA NASSER, states as follows:

1. I am the Plaintiff in this civil proceeding;

2. I have read the foregoing Verified Complaint prepared by my attorneys and I believe that all of the facts contained therein are true and correct, to the best of my knowledge, and formed after reasonable inquiry;

3. I belief that this civil Complaint is well ground in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law;

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it;

6. Each and every exhibit I have provided to my attorneys, which has/have been attached to this Complaint, is/are true and correct copy(s) of the original(s); and

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated the exhibit(s), except that some of the attached may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JULIA NASSER, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: ꞁ꜇ ᵎ꜇-ᵎᵎ ᵎᵎᵎ                    _____ ᵎᵎᵎ  NASSER

**JULIA NASSER**

# EXHIBIT A

## NASSER V. NATIONWIDE CREDIT, INC.

This is _____. I am calling to confirm location information concerning Julia Nasser. Call me at 1-800-441-0377.

This is _____. I am calling to confirm location information concerning Julia Nasser. Please call me at 1-800-441-0377.

This is Justin Loggins calling to confirm location information concerning Julia Nasser. Please do call me back at 1-800-441-0377.

Hi, this is _____. I am calling to confirm location information concerning Julia Nasser. Please return my call at 1-800-441-0377. I repeat the number it is 1-800-441-0377. Thank you and have a good day.

November 13, 2010

This is a message for Julia Nasser. If you are not Julia Nasser, please hang up or disconnect. By continuing to listen to this message, you are acknowledge you are Julia Nasser _____. This is Justin Lawrence from Nationwide Credit. This is an attempt to collect a debt and any information obtained will be used for that purpose _____.

November 13, 2010

_____ calling to confirm location information about Julia Nasser. You need to call me at 1-800-441-0377.

This is _____. I am calling to confirm location information concerning Julia Nasser. Please call me at 1-800-441-0377.

This message is for Julia Nasser If you are not Julia Nasser, please hang up or disconnect. By continuing to listen to this message, you are acknowledge you are Julia Nasser _____. This message contains personal and private information so you should listen to it in private. There will now be a three-second pause in this message to give you an opportunity to ensure your privacy _____. This is Justin Lawrence from Nationwide Credit and I am calling _____. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please call me at 1-800-441-0377.

Hi, this is Adam Michael calling to confirm location information concerning Julia Nasser. Call me at 1-800-441-0377.

Hi, this is _____. I am calling to confirm location information concerning Julia Nasser. Please call me at 1-800-441-0377.

Hi, this is _____ calling to confirm location information concerning Julia Nasser. Call me at 1-800-441-0377 at extension 5540. Again that number is 1-800-441-0377 at extension 5540.

Hi, this is _____ calling to confirm location information concerning Julia Nasser. Please return my Call at 1-800-441-0377. I repeat 1-800-441-0377.

CV - 10 2453

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------

YEHUDA LITVINCHOUK on behalf of himself and
all others similarly situated

                           Plaintiff,

      -against-

NATIONWIDE CREDIT, INC.

                           Defendant.

-------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1.     Yehuda Litvinchouk seeks redress for the illegal practices of Nationwide Credit, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.     Plaintiff is a citizen of the State of New York who resides within this District.

3.     Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt

4.     Upon information and belief, Nationwide Credit, Inc. is an Georgia corporation with its principal place of business located in Kennesaw, Georgia.

5.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.     Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §

1692(a)(6).

***Jurisdiction and Venue***

7.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28

       U.S.C. § 1331.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and

       transactions that give rise to this action occurred, in substantial part, in this

       district. Venue is also proper in this district since the defendant transacts business

       in this district and the collection letter was sent into this district.

***Allegations Particular to Yehuda Litvinchouk***

9.    Upon information and belief, on a date better known by defendant, defendant

       began to attempt to collect an alleged consumer debt from the plaintiff.

10.   On or about March 29, 2010, one of defendant's collection representatives left a

       message for the plaintiff on his answering machine.

11.   Said message stated substantially as follows:  "This message is for Yehuda

       Litvinchouk.   Please return my call at 877 779 3475. Extension will be 5561

       thank you."

12.   An additional message was left for plaintiff by defendant's collection

       representative on March 30, 2010.

13.   Said message stated substantially as follows:  "Hi this is Miha, and I'm calling to

       confirm your patient or present (??) information concerning Yehuda Litvinchouk.

       Please call me at 877 779 3471 at extension 5642. Call me as soon as you receive

       this message.  Thank you bye bye."

14.   Said messages failed to set forth that the matter was a communication from a debt

2

collector.

15.     Said messages are in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11) for

failing to indicate that the message was from a debt collector which constitutes a

deceptive practice.


## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself
and the members of a class, as against the defendant.*

16.     Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-15

as if set forth fully in this cause of action.

17.     This cause of action is brought on behalf of plaintiff and the members of a class.

18.     The class consists of consumers who received a message from the defendant

which did not set forth that the call was a communication from a debt collector.

19.     The Class consists of all persons whom Defendant's records reflect resided in the

New York State and who received a telephone message (a) from one of

defendant's two collection representatives who left messages for the plaintiff

failing to set forth that the message was from a debt collector similar to the

messages left for the plaintiff on March 29, 2010 and March 30, 2010 (b) the

message was left concerning the furtherance of seeking payment of an alleged

debt; and (c) that the message contained violations of 15 U.S.C. §§ 1692e(10) and

1692e(11).

20.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and

preferable in this case because:

(A) Based on the fact that telephone messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

21.   A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

22.   If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

4

23.     Collection letters, such as those sent by the defendant are to be evaluated by the
objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

24.     The defendant's actions as set forth above in the within complaint violates the
Fair Debt Collection Practices Act.

25.     Because the defendant violated of the Fair Debt Collection Practices Act, the
plaintiff and the members of the class are entitled to damages in accordance with
the Fair Debt Collection Practices Act.

26.     Upon information and belief, defendant has been fined in the past for its FDCPA
violations; consequently, the maximum damages should be imposed.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and on
behalf of the members of the class, and against the defendant and award damages as follows:

(a)     Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);
and actual damages for individual plaintiff for frequency of calls.

(b)     Attorney fees, litigation expenses and costs incurred in bringing
this action; and

(c)      Any other relief that this Court deems appropriate and just under
the circumstances.

Dated: Cedarhurst, New York
May 17, 2010

5

_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein  (AF-9508)

6